UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| | | |
|---|---|---|
| MONOLITO B. COOPER | ) | |
| | ) | |
| v. | ) | NO. 2:11-CV-245 |
| | ) | *Greer/Inman* |
| JUDGE MONTGOMERY and | ) | |
| STATE OF TENNESSEE | ) | |

## MEMORANDUM and ORDER

Acting *pro se*, Monolito B. Cooper, who now is confined in the Sullivan County Detention Center, has submitted what is deemed to be a civil rights complaint under 42 U.S.C. § 1983. Plaintiff is **ASSESSED** the civil filing fee of $350.00. Accordingly, the custodian of plaintiff's inmate trust account at the institution where he now resides shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350.00 has been paid to the Clerk's Office. *See* 28 U.S.C.§ 1915; *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).[1] All

---

[1] Typically, the inmate is required to pay an initial partial filing fee based on the funds in his inmate trust account for the last six months. However, plaintiff has had no funds in his inmate trust account for this period of time—indeed, his balance is minus $94—and, thus, he is relieved of paying that initial fee. *See McGore*, 114 F.3d at 666.

payments should be sent to: Clerk, USDC; 220 West Depot Street, Suite 220; Greeneville, TN 37743.

The Clerk of Court is **DIRECTED** to send a copy of this memorandum and order to the custodian of inmate accounts at the facility where the plaintiff is currently confined and to Derrick Schofield, Commissioner of the Tennessee Department of Correction, to ensure compliance with the fee-assessment procedures outlined above.

Plaintiff has sued the state court judge who is presiding over his pending criminal judicial proceedings and the State of Tennessee for rejecting his request to discharge his appointed counsel, despite the fact that said counsel is giving him ineffective assistance. Had Judge Montgomery granted this request and had this judicial officer not denied plaintiff bond, he insists that he could have retained an attorney of his choosing to represent him. Though not explicitly stated, the Court infers that plaintiff is asking this Court to intercede in the state court proceedings to allow him to dismiss his appointed counsel and, thereafter, order that plaintiff be given another "bond hearing," with the assistance of an attorney he intends to hire, if he is granted bond.

The Court must screen this prisoner's complaint pursuant to 28 U.S.C. § 1915A and § 1915(e) and must dismiss this case if it determines that it is frivolous or fails to state a claim for relief or if plaintiff seeks relief from defendants who enjoy immunity from the suit.

This action must be dismissed because the doctrine established by *Younger v. Harris*, 401 U.S. 37 (1971), applies here. Under this doctrine, federal courts must abstain from entertaining lawsuits by individuals seeking to enjoin a criminal prosecution against them in state court where those proceedings implicate important state interests and the plaintiff has an adequate opportunity to raise his challenges in that forum. *See O'Shea v. Littleton*, 414 U.S. 488, 499-504 (1974). All of the factors supporting abstention are present here.

Plaintiff's criminal proceedings are pending in the state court. Plaintiff may attack the adverse ruling on his motion to dismiss his attorney in a motion for a new trial or on direct appeal. Were this Court to find in plaintiff's favor that the rights alleged had been violated, this ruling undoubtedly would undermine the State's interest in conducting its criminal judicial proceedings in accord with constitutional mandates and its entitlement to be given the first opportunity to do so.

Therefore, the Court must abstain from interfering in plaintiff's state criminal proceedings by affording him the relief he impliedly seeks. A separate order will enter.

**ENTER**:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE